# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORBIN D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-255−JPG |
| vs. | ) |
| | ) |
| NEIL MOONEY, and | ) |
| CITY OF MT. VERNON, ILLINOIS | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former detainee at the Jefferson County Justice Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. At the time of filing, Plaintiff was not incarcerated, meaning that he was not a "prisoner" under 28 U.S.C. § 1915A. However, he has filed a motion seeking leave to proceed *in forma pauperis*, and so the Court will screen this case pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal—
>
> i. is frivolous or malicious;
>
> ii. fails to state a claim on which relief may be granted; or
>
> iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff claims that he was "falsely imprisoned for six months." (Doc. 1, p. 2). The Complaint identifies two defendants: (1) Neil Mooney, described as the arresting police officer and (2) the City of Mt. Vernon. (Doc. 1, pp. 1-2). The statement of claim consists of a single page that includes several confusing statements. (Doc. 1, p. 6). The statements are not associated with any particular individual, let alone the named Defendants. (Doc. 1, p. 6). The Court specifically notes the following:

- "Violated Rule 1.16 of the Illinois Rules of Professional Conduct."
- "[They] had all the evidence in front of them to know the case was wrongful but they decided to push forward."
- "Also liable, slander, defamation of character, abuse of process, sovereign immunity, violation of the Illinois Rules of Professional Conduct."
- "The Federal Tort Claims Act allows an individual to sue the federal government…"

(Doc. 1, p. 6).

The Complaint was filed with 55 pages of exhibits. (Doc. 1-1). However, only a single page relates to the instant case. (Doc. 1-1, p. 1). The other 54 pages are filings related to other civil rights actions Plaintiff is pursuing or previously pursued in this Court. (Doc. 1-1, pp. 2-55).

The page that appears to be relevant to the instant case includes the following additional information:

- Plaintiff was arrested or falsely imprisoned on February 14, 2017.
- Defendant Mooney was the arresting officer.
- "Drug items" were found in "plain view" at a residence.
- A crystal substance tested positive for methamphetamine.
- Cannabis located on the scene was destroyed by Officer C. Greenwood.
- Evidence was collected, photographed, labeled, and placed in an evidence locker.
- Plaintiff was removed from the residence and detained at the Jefferson County Justice Center.

(Doc. 1-1, p. 1).

### Prior Civil Rights Action Involving Officer C. Greenwood

On July 10, 2017, Plaintiff filed a civil rights action against Officer C. Greenwood. *Jones v. Greenwood,* 17-cv-719-JPG (S.D. Ill.) ("Prior Case"). In his Complaint, Plaintiff alleged that on February 14, 2017, Greenwood "acted in bad faith to destroy potentially exculpatory evidence the drug paraphernalia." (Prior Case, Doc. 1, p. 5). Plaintiff then recited various legal phrases and constitutional rights. (Prior Case, Doc. 1, p. 6) (e.g., "procedural due process rights & substantive due process rights," "qualified immunity and absolute prosecutorial," "motion to dismiss on qualified immunity grounds the destruction of evidence rises to the level of a due process violation," "destroying exculpatory evidence, "). *Id.* Plaintiff also inserted, without explanation, a case number (Case # 17-cf-69) at the bottom of the pleading.[1] *Id.* In reviewing Plaintiff's Complaint, the undersigned judge noted that the case number appeared to reference a

---

[1] Case No. 17-cf-69 is one of several cases associated with Plaintiff in Jefferson County Circuit Court.

criminal action that was filed against Plaintiff in Jefferson County, charging Plaintiff with possession of Meth. (Prior Case, Doc. 8). The electronic docket for that action indicated that charges were filed in February 2017 and that, on August 23, 2017, the action was dismissed "*nolle prosequi*." *Id.*

The Court dismissed the Prior Case without prejudice and with leave to amend. *Id.* Plaintiff failed to amend and did not otherwise communicate with the Court. Accordingly, on November 30, 2017, the Court dismissed the action with prejudice, assessed a strike, and entered judgment. (Prior Case, Docs. 10-11).

## Discussion

It appears that Plaintiff is, once again, attempting to assert claims pertaining to his arrest and subsequent detention on February 14, 2017. Only this time, Plaintiff has named different defendants. The claims also appear to be related to Jefferson County Case # 17-cf-69. Beyond that, the Court is struggling to ascertain the specific claims Plaintiff intended to assert against Officer Mooney and the City of Mt. Vernon.

That being said, based on the allegations of the Complaint, the Court has divided the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice under the *Twombly* pleading standard.

**Count 1** - Claim for violating the Illinois Code of Professional conduct.

**Count 2** - FTCA claim.

**Count 3** -   On February 14, 2017, Defendants violated Plaintiff's Fourteenth Amendment right to a fair trial because Officer Greenwood destroyed cannabis.

**Count 4** -   State law claim for false imprisonment.

**Count 1**

Plaintiff suggests that someone violated Rule 1.16 of the Illinois Code of Professional Conduct. However, the Illinois Code of Professional Conduct applies to attorneys; not police officers or municipalities. Moreover, an alleged violation of the Illinois Code of Professional Conduct does not implicate the Constitution. *Dawaji v. Askar*, 618 F. App'x. 858 (7th Cir. 2015) (because Illinois Rule of Professional Conduct is not " 'a right secured by the Constitution and laws of the United States,' its alleged violation cannot predicate a § 1983 claim"). Accordingly, Count 1 shall be dismissed with prejudice.

**Count 2**

Plaintiff also references the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. But, the FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, Plaintiff cannot bring an FTCA claim against either Defendant. Accordingly, Count 2 shall be dismissed with prejudice.

**Count 3**

In describing the circumstances of his arrest, Plaintiff claims that contraband, which was located in "plain view" and included a substance that tested positive for methamphetamine, was photographed and taken into evidence. At which point, Plaintiff was escorted from a "residence" and detained at the Jefferson County Justice Center. None of these facts suggest a constitutional violation. However, Plaintiff also alleges that Officer Greenwood destroyed a substance Plaintiff

identifies as cannabis. This suggests that Plaintiff may be attempting to bring a claim pertaining to Officer Greenwood's destruction of the cannabis.

The bad-faith destruction or loss of exculpatory evidence violates a suspect's right to a fair trial. *Armstrong v. Daily,* 786 F.3d 529, 532 (7th Cir. 2015). Generally, if all criminal charges are dismissed prior to trial, the right to a fair trial is not implicated. *See Morgan v. Gertz,* 166 F.3d 1307, 1310 (10th Cir. 1999) (When all charges are dismissed prior to trial, "courts have held universally that the right to a fair trial is not implicated and, therefore, no cause of action exists under § 1983" for withholding or destruction of evidence.). However, the Seventh Circuit has indicated that a pretrial deprivation of liberty resulting from the bad-faith destruction of evidence may state a viable claim under § 1983. *Armstrong v. Daily,* 786 F.3d 529, 554-55 (7th Cir. 2015).

That being said, the Complaint states no such claim as to Officer Mooney or the City of Mt. Vernon. First, it is unclear how the destruction of cannabis could amount to the destruction of exculpatory evidence resulting in a liberty deprivation in the instant case. Here, the charge that resulted in Plaintiff's detention was a charge for possession of methamphetamine. Second, Plaintiff claims that Officer Greenwood destroyed the cannabis. Plaintiff does not allege that Officer Mooney had any involvement in the alleged destruction. This is insufficient. Absent further information, Plaintiff has failed to state a claim as to Officer Mooney. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (Section 1983 requires a defendant's personal involvement in the alleged constitutional violation). As to the City of Mt. Vernon, Plaintiff has failed to allege a municipal policy, practice, or custom attributable to Mt. Vernon. Accordingly, Plaintiff has failed to state a claim as to the City of Mt. Vernon. *See Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

## Count 4

A federal district court that has original jurisdiction over a § 1983 claim will also have supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). However, when all federal claims are dismissed by the district court, "the usual practice is to dismiss without prejudice state supplemental claims[.]" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

The Court finds no reason to depart from this usual practice. Accordingly, Plaintiff's false imprisonment claim will be dismissed without prejudice to Plaintiff attempting to bring the claim in state court. Nothing herein shall be construed as a comment on the merits or timeliness of the state-law claim.

## Pending Motions

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3), which will be addressed in a separate Order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** with prejudice with respect to **COUNTS 1** and **2** and without prejudice with respect to **COUNT 3,** all for failure to state a claim upon which relief may be granted. **COUNT 4** is **DISMISSED** without prejudice to Plaintiff bringing the claim in state court.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 18, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with

prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (i.e. 18-cv-255-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 21, 2018**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
