# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORBIN D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-255−JPG |
| vs. | ) |
| | ) |
| NEIL MOONEY, and | ) |
| CITY OF MT. VERNON, ILLINOIS | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former detainee at the Jefferson County Justice Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. At the time of filing, Plaintiff was not incarcerated, meaning that he was not a "prisoner" under 28 U.S.C. § 1915A. However, he filed a motion seeking leave to proceed *in forma pauperis*. Accordingly, the Court screened the original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal—
>
> i. is frivolous or malicious;
>
> ii. fails to state a claim on which relief may be granted; or
>
> iii. seeks monetary relief from a defendant who is immune from such relief.

The original Complaint did not survive screening under this standard; it was dismissed without prejudice for failure to state a claim on which relief may be granted, and Plaintiff was

1

granted leave to file an amended complaint. Plaintiff's Amended Complaint is now before the Court for screening under the same standard.

## Prior Civil Rights Action Against Officer C. Greenwood

On July 10, 2017, Plaintiff filed a civil rights action against Officer C. Greenwood. *Jones v. Greenwood,* 17-cv-719-JPG (S.D. Ill.) ("Greenwood Case"). In his Complaint, Plaintiff alleged that, on February 14, 2017, Greenwood "acted in bad faith to destroy potentially exculpatory evidence the drug paraphernalia." (Greenwood Case, Doc. 1, p. 5). Plaintiff then recited various legal phrases and constitutional rights. (Greenwood Case, Doc. 1, p. 6) (e.g., "procedural due process rights & substantive due process rights," "qualified immunity and absolute prosecutorial," "motion to dismiss on qualified immunity grounds the destruction of evidence rises to the level of a due process violation," "destroying exculpatory evidence, "). Plaintiff also inserted, without explanation, a case number (Case # 17-cf-69) at the bottom of the pleading.[1] *Id.* In reviewing Plaintiff's Complaint, the undersigned judge noted that the case number appeared to reference a criminal action that was filed against Plaintiff in Jefferson County, charging Plaintiff with possession of Meth. (Greenwood Case, Doc. 8). The electronic docket for that action indicated that charges were filed in February 2017 and that, on August 23, 2017, the action was dismissed "*nolle prosequi*." *Id.*

The Court dismissed the claims against Greenwood, and the complaint, without prejudice and with leave to amend. *Id*. Plaintiff failed to amend and did not otherwise communicate with the Court. Accordingly, on November 30, 2017, the Court dismissed the action with prejudice, assessed a strike, and entered judgment. (Greenwood Case, Docs. 10-11).

---

[1] Case No. 17-cf-69 is one of several cases associated with Plaintiff in Jefferson County Circuit Court.

**Pending Civil Rights Action against Officer Mooney**

Plaintiff is currently pursuing a § 1983 civil rights action against Officer Mooney. *Jones v. Mooney,* 17-cv-337-JPG ("Mooney Case"). Plaintiff claims that Officer Mooney violated his constitutional rights on February 14, 2017, when he searched Plaintiff's bedroom and arrested him. On May 24, 2017, the undersigned judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Mooney Case, Doc. 12). At the time of screening, the criminal charges stemming from the disputed arrest were pending in Jefferson County, Illinois (Case No. 17-cf-69). After reviewing the complaint, the Court divided the action into the following counts:

> **Count 1:** Mooney violated Plaintiff's fourth Amendment rights by forcing his way into Plaintiff's room to conduct a search without a warrant or permission.
>
> **Count 2:** Mooney violated Plaintiff's Fifth and Sixth Amendment rights by failing to inform him of his *Miranda* rights before or after his arrest or while was in Mooney's custody.
>
> **Count 3:** Mooney submitted a police report containing false statements about the events of February 14, 2017.
>
> **Count 4:** Evidence obtained from Plaintiff's home that would have been exculpatory in his criminal prosecution was destroyed.

(Mooney Case, Doc. 12, pp. 4-5).

The Court stayed Counts 1 and 2 pursuant to the *Younger* doctrine, until the entry of final judgment in Plaintiff's then pending criminal prosecution. (Mooney Case, Doc. 12, p. 9). Counts 3 and 4 were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.* Further, because the only remaining counts were being stayed, the Court stayed the entire action until the conclusion of Plaintiff's criminal proceeding. *Id.* On August 31, 2017, Plaintiff filed a motion to lift the stay. (Mooney Case, doc. 17). According to the motion, Jefferson County Case No. 17-cf-69 was dismissed, because the substance in Plaintiff's possession at the time of his arrest was found to be sea salt, rather than an illegal substance. *Id.*

Accordingly, on September 5, 2017, the stay was lifted (Mooney Case, Doc. 19), and the case is presently proceeding.

### **The Amended Complaint**

According to the Amended Complaint, Plaintiff's constitutional rights were violated on February 14,[2] 2017, when Plaintiff was arrested at his mother's home by two police officers working for the City of Mt. Vernon (Mooney and Greenwood). Although Officer Greenwood is referenced in the body of the Amended Complaint, he is not actually a defendant in this action. Plaintiff has only named two defendants in connection with his claims: (1) Officer Mooney and (2) the City of Mt. Vernon.

The Amended Complaint is made up of several piecemeal sections. At the outset, Plaintiff states that he is pursuing the following four claims:

> **Count 1:** Mooney violated Plaintiff Corbin D. Jones Fourth Amendment rights by forcing his way into Plaintiff['s]bedroom to conduct a search without a warrant or permission.
>
> **Count 2:** Mooney violated Plaintiff['s] Fifth and Sixth Amendment rights by failing to inform him of his Miranda rights before or after his arrest or while he was in Mooney['s] custody.
>
> **Count 3:** Mooney and Greenwood submitted a police report containing false statements about the events on Feb[ruary 14], 2017.
>
> **Count 4:** Evidence obtained from Plaintiff['s] home that would have been exculpatory in my criminal prosecution was destroyed which is inside the police report. That alone violated my Due Process rights.

(Doc. 7, p. 5).

Plaintiff then describes his interactions with Mooney and Greenwood during the disputed arrest. (Doc. 7, p. 6-7). On the following page, Plaintiff has, without explanation, written

---

[2] Plaintiff indicates that the arrest occurred on February 13, 2017. However, police reports attached to the Amended Complaint indicate that the arrest occurred on February 14, 2017.

several addresses and phone numbers. (Doc. 7, p. 8). Plaintiff next includes several handwritten pages that appear to be excerpts from the answer filed by Officer Mooney in Case No. 17-cv-337. (Doc. 7, pp. 9-11). Plaintiff has also included a page that, like the original Complaint, includes a string of disjointed allegations (e.g., "conspiring to violate civil rights, improper use of a civil proceedings, malicious prosecution, cruel and unusual punishments, public policy of the state…"). (Doc. 7, p. 12). Finally, Plaintiff has included various documents relating to his criminal prosecution in Jefferson County Case No. 17-cf-69 and a seemingly unrelated notice pertaining to a data breach from the Marion County Sheriff.

## Dismissal of the City of Mt. Vernon

Plaintiff names the City of Mt. Vernon in the caption of the case, but makes no discernable claims against it in the body of his complaint.[3] Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff has failed to plead sufficiently as to the City of Mt. Vernon to give it adequate notice of any claim. Additionally, a municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999). In the case at bar, Plaintiff does not suggest that there was an unconstitutional municipal policy

---

[3] Plaintiff does reference the City of Mt. Vernon at least once in the Amended Complaint. (Doc. 7, p. 12). But the Court cannot discern what, if any, claim Plaintiff is attempting to assert as to the City of Mt. Vernon.

5

or custom that caused the constitutional violations that allegedly occurred on February 14, 2017. There is, therefore, no basis for liability on the part of the City of Mt. Vernon, and any claims directed against it shall be dismissed without prejudice.

### **Claims Pertaining to Officer Greenwood**

Although Plaintiff references Officer Greenwood throughout the Amended Complaint and states that he is pursuing a claim against Officer Greenwood for false arrest, he has not named him as a defendant in his case caption. Accordingly, any claims Plaintiff intended to bring as to Officer Greenwood are dismissed without prejudice. See FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

### **Division of Counts**

To reflect the allegations in the Amended Complaint, and in light of the above dismissals, the Court will modify Plaintiff's claims as set forth below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice under the *Twombly* pleading standard.

> **Count 1:** Mooney violated Plaintiff's Fourth Amendment rights by forcing his way into Plaintiff's bedroom to conduct a search without a warrant or permission.
>
> **Count 2:** Mooney violated Plaintiff's Fifth and Sixth Amendment rights by failing to inform him of his Miranda rights before or after his arrest or while he was in Mooney's custody.
>
> **Count 3:** Mooney submitted a police report containing false statements about the events on February 14, 2017.

> **Count 4:** Evidence obtained from Plaintiff's home that would have been exculpatory in my criminal prosecution was destroyed.

## Discussion

In the instant case, the claims directed against Officer Mooney are the same claims at issue in *Jones v. Mooney,* 17-cv-337-JPG. The Court knows of no reason Plaintiff should be allowed to proceed on the same claims, against the same defendant, in two cases. Interests in "wise judicial administration" permit dismissal of a federal suit that parallels another action pending in federal court. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). *See also Id.* ("The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants."). Moreover, Plaintiff is prosecuting this action under the *in forma pauperis* statute, which requires dismissal if the action is deemed frivolous or malicious. It is malicious for Plaintiff to file more than one suit against the same defendant based on the same set of facts. *See Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir. 1993) (holding that it is malicious for a plaintiff to file a lawsuit under the *in forma pauperis* statute that duplicates allegations of another pending lawsuit).

Considering the above, the Court will not permit Plaintiff to proceed with a second case, raising the same claims against the same defendant, under the *in forma pauperis* statute. Counts 1-4 shall therefore be dismissed from this action, with prejudice, pursuant to § 1915(e)(2)(B).

However, the dismissal is without prejudice to Plaintiff pursuing these claims in the earlier filed action against Mooney.

Further, for reasons set forth herein, the Amended Complaint fails to state a claim upon which relief may be granted (with respect to any intended claims against the City of Mt. Vernon or Officer Greenwood) and is malicious (with respect to claims asserted against Officer Mooney). Accordingly, the Amended Complaint shall be dismissed. With respect to any claims Plaintiff intended to bring against the City of Mt. Vernon or Officer Greenwood, the dismissal shall be without prejudice and with leave to amend.

## Motion for Appointment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 8), which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503

F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The Court notes that Plaintiff may have filed this motion in the wrong action (Plaintiff has filed a number of actions in this judicial district).  According to the motion, Plaintiff needs an attorney because this is a technical case involving administrative matters and plumbing issues.  But, these matters are not at issue in the instant case.  Plaintiff also indicates that he did not graduate from high school and has no legal training.  Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now.  At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak.  All that is required is for Plaintiff to describe how the City of Mt. Vernon and/or Officer Greenwood allegedly violated his rights.  No legal training or knowledge is required to do this.  Additionally, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own.  Therefore, the recruitment of counsel is not warranted at this time and the motion is denied.  The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-4,** and **MOONEY,** are **DISMISSED** from this action with prejudice.  However, this dismissal is without prejudice to Plaintiff pursuing these claims in *Jones v. Mooney*, 17-cv-337-JPG.  The Clerk of the Court is **DIRECTED** to terminate **MOONEY** as a defendant in CM/ECF.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED.**  To the extent that Plaintiff intended to bring claims against the City of Mt. Vernon or Officer Greenwood, the dismissal is without prejudice and with leave to amend.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **August 2, 2108**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for this action (i.e. 18-cv-255-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 5, 2018**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**