IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CORBIN D. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-255−JPG |
| vs. | ) | |
| | ) | |
| NEIL MOONEY, | ) | |
| CITY OF MT. VERNON, ILLINOIS, and | ) | |
| MT. VERNON COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former detainee at the Jefferson County Justice Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was not incarcerated, meaning that he was not a "prisoner" under 28 U.S.C. § 1915A. However, he filed a motion seeking leave to proceed *in forma pauperis*. Accordingly, the Court screened the original Complaint (Doc. 1) and the Amended Complaint (Doc. 7) pursuant to 28 U.S.C. § 1915(e)(2)(B). Neither pleading survived screening under this standard.

Plaintiff filed his Second Amended Complaint on July 17, 2018. (Doc. 10). The Second Amended Complaint is now before the Court for screening pursuant to § 1915(e)(2)(B).

## Background

As previously noted, the original Complaint did not survive screening; it was dismissed without prejudice for failure to state a claim on which relief may be granted, and Plaintiff was granted leave to file an amended complaint. (Doc. 5).

1

On April 6, 2018, Plaintiff filed an Amended Complaint. (Doc. 7). In the Amended Complaint, Plaintiff claimed that his constitutional rights were violated on February 14, 2017, when he was arrested at his mother's home by two police officers working for the City of Mt. Vernon (Officers Mooney and Greenwood). In conjunction with screening the Amended Complaint, the Court divided the *pro se* action into the following counts:

**Count 1:** Mooney violated Plaintiff's Fourth Amendment rights by forcing his way into Plaintiff's bedroom to conduct a search without a warrant or permission.

**Count 2:** Mooney violated Plaintiff's Fifth and Sixth Amendment rights by failing to inform him of his Miranda rights before or after his arrest or while he was in Mooney's custody.

**Count 3:** Mooney submitted a police report containing false statements about the events on February 14, 2017.

**Count 4:** Evidence obtained from Plaintiff's home that would have been exculpatory in his criminal prosecution was destroyed.

(Doc. 9, pp. 6-7). The Court then dismissed Counts 1 through 4, explaining as follows:

> [T]he claims directed against Officer Mooney are the same claims at issue in *Jones v. Mooney,* 17-cv-337-JPG. The Court knows of no reason Plaintiff should be allowed to proceed on the same claims, against the same defendant, in two cases. Interests in "wise judicial administration" permit dismissal of a federal suit that parallels another action pending in federal court. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). *See also Id.* ("The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants."). Moreover, Plaintiff is prosecuting this action under the *in forma pauperis* statute, which requires dismissal if the action is deemed frivolous or malicious. It is malicious for Plaintiff to file more than one suit against the same defendant based on the same set of facts. *See Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir. 1993) (holding that it is malicious for a plaintiff to file a lawsuit under the *in forma pauperis* statute that duplicates allegations of another pending lawsuit).

(Doc. 9, p. 7).

Accordingly, Counts 1-4 were dismissed from *this* action with prejudice. (Doc. 9, pp. 7-8). However, the dismissal was without prejudice to Plaintiff pursuing the claims in his earlier filed action against Mooney. *Id.* The Court also explained that any intended claims against Officer Greenwood were dismissed without prejudice because he was not named as a defendant in the case caption. (Doc. 9, p. 6). Further, the Court dismissed the City of Mt. Vernon without prejudice because the Amended Complaint did not identify any municipal policy that was responsible for any alleged constitutional violations. (Doc. 9, pp. 5-6). Accordingly, the Amended Complaint was dismissed. (Doc. 9, p. 8). However, with respect to any intended claims against the City of Mt. Vernon or Officer Greenwood, Plaintiff was granted leave to amend. *Id.*

## Second Amended Complaint

On July 17, 2018, Plaintiff filed a Second Amended Complaint. (Doc. 10). In the Second Amended Complaint, Plaintiff names Officer Mooney, the City of Mt. Vernon, and the Mt. Vernon County Jail. The First page of the Second Amended Complaint includes numerous notations in the margins, indicating possible claims. (Doc. 10, p. 1). These claims include but are not limited to the following: "serious deprivations of basic human needs," "scrutiny basic human needs such as food, medical care, sanitation, black mold on walls in showers and physical safety," "false imprisonment," "making out of manufacturing drugs," "8th Amendment medical care violation," and "cruel and unusual punishments." *Id.* In his Statement of Claim, Plaintiff identifies the three Defendants and then states as follows: "The public policy of the state and duty of each person is to provide and maintain a healthful environment for the benefit of this and future generations. The general assembly shall provide by law for the implements and

3

enforcement of this public policy." (Doc. 10, p. 5). Plaintiff then refers the Court to his "attached files." *Id.* The "attached files" are approximately 216 pages of seemingly random documents, consisting of, among other things, newspaper articles, pleadings and discovery from other actions, handwritten notes and allegations surrounding Plaintiff's arrest and subsequent incarceration, and letters pertaining to Plaintiff's Supplemental Nutrition Assistance program ("SNAP"). (Doc. 10, pp. 7-223).

## Discussion

Plaintiff's Second Amended Complaint contains even less detail than his Amended Complaint and fails to correct any of the problems described by the Court in its prior Orders. Plaintiff lists possible claims with little or no factual support. Although Plaintiff is not required to engage in fact pleading, he must plead *some* facts that demonstrate it is plausible that his constitutional rights were violated. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He also fails to associate any of his conclusory claims with Officer Mooney, and to the extent that Plaintiff is attempting to reassert the claims at issue in *Jones v. Mooney,* 17-cv-337-JPG, those claims were previously dismissed with prejudice from *this* action.

As to the City of Mt. Vernon, Plaintiff has, once again, failed to allege a municipal policy, practice, or custom attributable to Mt. Vernon. Accordingly, Plaintiff has failed to state a claim as to the City of Mt. Vernon. *See Monell v. New York City Department of Social Service*s, 436 U.S. 658 (1978).

As to the Mt. Vernon County Jail, a jail is not a proper defendant, and any claims directed against it are subject to dismissal. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir.

2012) (a jail is not a "person" under § 1983). *See also Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

In summary, Plaintiff has not corrected any of the errors the Court previously discussed, nor has he articulated additional facts making his claims for relief plausible. Instead, Plaintiff merely lists possible claims without any factual support. As such, the Second Amended Complaint fails to state a claim upon which relief may be granted. Because, after three attempts, Plaintiff has not stated a valid claim, the Court presumes that he cannot. Accordingly, the Second Amended Complaint, along with this action, will be dismissed with prejudice. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Gris*som, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 10), and this action, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. SEE FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A

Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 30, 2018**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
